1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                          EASTERN DISTRICT OF CALIFORNIA

7

8   VICTOR M. SIENZE,                          CASE NO. 1:17-CV-0736 AWI SAB

9                 Plaintiff                     ORDER RE: MOTIONS FOR
                                               RECONSIDERATION AND TO ADD
10       v.                                    WITNESSES

11  SHERIFF'S DEPUTY MATTHEW J.
    KUTZ and SHERIFF'S SERGEANT
12  DANIEL N. KERBER,                          (Docs. 68, 74, 75, and 85)

13                Defendants

14

15                                  **I. Background**

16       Plaintiff Victor Sienze lives in Madera, CA.  On May 24, 2016, Sienze called for an

17  ambulance to have his grandson, Victor Sienze III, transported to a hospital.  Emergency Medical

18  Technicians Anthony Prieto and Sabrina Munoz arrived.  Having difficulty with the transport, the

19  EMTs called the Madera County Sheriff's Office for assistance.  Defendant Officer Matthew Kutz

20  was among the several police officers to arrive at the scene.  Sienze objected to the manner in

21  which Officer Kutz was handling his Grandson and pushed Officer Kutz.  The police officers

22  tackled and handcuffed Sienze.  Defendant Officer Dan Kerber arrived on the scene.  Sienze was

23  arrested for obstructing a police officer in the course of their duty.  Sienze was uncooperative.

24  The police officers physically subdued him, picked him up, and put him in the back of a patrol car.

25  In the process, Officers Kutz and Kerber forced Sienze face first onto the ground and Officer Kutz

26  struck Sienze's head with the car door.

27       Sienze filed suit against the Madera County Sheriff's Office, Officers Kutz, Kerber, Ian

28  Roth, Jason Clark, and Michael Thomas for violating his civil rights under 42. U.S.C. § 1983.

Doc. 1.  The operative complaint is the First Amended Complaint, which dropped the claims against the Madera County Sheriff's Office.  Doc. 5.  Sienze is pro se and in forma pauperis.  In reviewing the First Amended Complaint, Magistrate Judge Stanley Boone recommended dismissing Officers Roth, Clark, and Thomas from the case as well as limiting claims against Officers Kutz and Kerber to excessive force.  Doc. 6.  The Findings and Recommendations were adopted in full. Doc. 7.

Defendants filed a motion for summary judgment.  Doc. 27.  The form of Sienze's opposition was not proper so he was was granted leave to make additional filings in opposition to the summary judgment motion.  Doc. 44.  Sienze complied with the request and also filed a motion for leave to file a Second Amended Complaint.  Doc. 53.  Defendants' summary judgment motion was granted in part and denied in part while Sienze's motion for leave to file a new complaint was denied.  Doc. 66.  This case is limited to claims against Officers Kerber and Kutz regarding claims of excessive force in tackling him on a patio and placing him in a patrol car.  The pretrial conference was held on January 23, 2019.

Sienze has filed two requests for reconsideration.  Docs. 68 and 74.  Additionally, he has filed a request to amend the pretrial order to add witnesses and exhibits.  Doc. 75.  Defendants oppose these motions.  Docs. 72 and 84.

## II. Reconsideration

Sienze seeks reconsideration of Doc. 66, the order granting Defendants' motion for summary adjudication in part and denying Sienze's motion for leave to amend his complaint. Docs. 68 and 74.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), citations and quotations omitted.  Local Rule 230(j) also requires Plaintiff seeking reconsideration of an order to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon

such prior motion, or what other grounds exist for the motion and...why the facts or circumstances were not shown at the time of the prior motion." Eastern District of California Local Rule 230(j). Reconsideration is an "extraordinary remedy," to be used "sparingly as an equitable remedy to prevent manifest injustice." Wood v. Ryan, 759 F.3d 1117, 1121 (9th Cir. 2014), quoting Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001), citations and quotations omitted.

Much of Sienze's motion is a recapitulation of his version of the facts. It is evident that he disagrees with the ruling but that by itself is insufficient for grant of reconsideration. The court has already ruled that Defendants are entitled to partial summary adjudication based on the facts as established by the evidence presented, taking all reasonable inferences in Plaintiff's favor. Nothing in Sienze's multiple filings changes basic conclusion.

Sienze does make a few specific arguments. Regarding the partial grant of the summary judgment motion, Sienze argues that the use of Benita Waltz's and Stephen Waltz's declarations in deciding the earlier motion for summary judgment was improper. He states that "this hearsay declaration was presented to this court as true facts and evidence to find summary judgment against plaintiff. This action triggers the 'confrontation clause of the sixth amendment' plaintiff was not allowed the opportunity of cross-examination of this witness. Doc. 74, 5:16-18 and 6:9-14. First, the hearsay requirements of the Federal Rules of Evidence do not fully apply to summary judgment motions. "[A]t summary judgment a district court may consider hearsay evidence submitted in an inadmissible form, so long as the underlying evidence could be provided in an admissible form at trial, such as by live testimony." JL Bev. Co., LLC v. Jim Beam Brands Co., 828 F.3d 1098, 1110 (9th Cir. 2016). "To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56." Block v. City of L.A., 253 F.3d 410, 418-19 (9th Cir. 2001). Part of that rule states that "An affidavit or declaration used

to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Evid. 56(c)(4). The declarations provided satisfied these conditions. Second, this is a civil case. "The Confrontation Clause, which originates from the Sixth Amendment, applies only to criminal matters." Kesey, Ltd. Liab. Co. v. Francis, 2009 U.S. Dist. LEXIS 28078, *42 (D. Or. Apr. 3, 2009), citing Austin v. United States, 509 U.S. 602, 608 n.4 (1993), United States v. Alisal Water Corp., 431 F.3d 643, 658 (9th Cir. 2005), and U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1287 n.13 (11th Cir. 2001). Defendants have informed Sienze that Benita and Stephen Waltz will not be called at trial. This appears to be because the events they personally witnessed only pertain to claims which were adjudicated in the summary judgment; that is, they were able to see the events on the lawn but not the patio. As that part of the case is resolved, their testimony would likely not be relevant.

Regarding the denial of leave to amend, Sienze asserts that "Judge Stanley Boone had no prior knowledge as to all the facts now having been brought before this court. Judge Stanley Boone was missing the facts that [Officers] Kerber [,] Kutz[,] Clark[,] Roth[, and] Thomas were all present at plaintiff's home and were with full knowledge that [plaintiff] was/is an elderly disabled person and a disabled veteran and with such knowledge did willfully and maliciously attack and assault said plaintiff." Doc. 68, 5:18-23. Additionally, he states that in the audio recording, the conversation between Officers Roth and Kerber shows a conspiracy to deprive Sienze of his constitutional rights: "there was a conspiracy clearly shown to give 'special treatment' to a grand par that was something of a site searcher." Doc. 68, 7:8-9. Sienze asserts that "I had to search in earnest greatly to try to get a legal transcript of the conversation between two officers that I submitted to the court. I did my best to be diligent in getting the information I needed transcribed...It took me approximately two months and one week to get the CDs transcribed once that was done I had to have background noise cleaned up on CDs by a professional so that one could more clearly hear and understand what was being said." Doc. 68, 8:9-15. However, Sienze stated in his deposition on March 9, 2018 that he listened to the audio recording when it was first sent to him and in fact complained that there were parts missing. Doc.

4

37, 119:13-17.  There is no allegation that the relevant portion of the recording Sienze refers to was withheld by Defendants. See <u>Tesoro Ref. & Mktg. Co. LLC v. Pac. Gas & Elec. Co.</u>, 2015 U.S. Dist. LEXIS 130480, *45 (N.D. Cal. Sep. 28, 2015) ("Manifest injustice might exist if a party withholds relevant information in bad faith during litigation").  While Sienze does detail the time needed to clean up the recording, he does not state that he could not understand it in its original form.  Indeed, he was able to understand it well enough to note what parts were missing.  The earlier ruling on Sienze's motion concluded that he was not diligent in bringing his motion.  He was aware of the need to amend his complaint by March 9, 2018 but did not request to do so until September (or arguably July).  Sienze has not presented new fact or law sufficient to warrant reconsideration.

### III Amending the Pretrial Order

Sienze seeks to add three people to the list of witnesses who may be called to testify at trial: 1) his wife Kay Sienze to authenticate photographs, 2) Mike Badella to testify on Plaintiff's character, and 3) an unnamed expert witness to testify on Sienze's medical records. Doc. 75. Defendants oppose all three requests. Doc. 84.  The pretrial order stated that people could be added to the witness list upon a showing of "manifest injustice." Doc. 72, 14:13-16.  This mirrors the requirements of Rule 16 which state "The court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. Proc. 16(e).  The party seeking to add witnesses has the burden of persuasion. See <u>Galdamez v. Potter</u>, 415 F.3d 1015, 1020 (9th Cir. 2005).  "Under the 'manifest injustice' test of Rule 16, the Ninth Circuit has listed four factors for courts to consider: prejudice to the opposing party, that party's ability to cure the prejudice, the impact on the orderly and efficient conduct of the trial and any willfulness or bad faith on the part of the party seeking the modification. The court also considers the moving party's delay in seeking amendment." <u>Copart, Inc. v. Sparta Consulting, Inc.</u>, 2018 U.S. Dist. LEXIS 49698, *4-5 (E.D. Cal. Mar. 26, 2018), citations omitted.

**A. Kay Sienze**

Kay Sienze is being asked "to authenticate photographs taken by her and other testimony that may seem appropriate." Doc. 75, 1:16-18. Defendants point out that Plaintiff's exhibits listed in the Pretrial Order only lists "1. Copies of photographs taken by Sheriff Deputy Thomas of Plaintiff Victor M. Sienze at Madera County Jail and given to Plaintiff by defense counsel Mark Kitabayashi." Doc. 72, 16:1-14. However, the court notes that photographs taken by Kay Sienze were submitted as part of the opposition to summary judgment. Doc. 51. The court interprets this as a request to add Kay Sienze to the witness list and to add photographs she has taken to the exhibit list.

First, with regards to authentication, the photographs have been disclosed to Defendants in the past. The extent of Sienze's injuries is a central question in this case. Defendants themselves had taken photographs of these injuries on the day of the incident. While the trial will start soon, there does not appear to be any surprise and Defendants have time to examine the photographs more carefully. Inclusion of these photographs would not impact the conduct of the trial. Sienze is pro se. While he has been diligent in learning about and trying to follow legal rules, it is evident from his comments at the last hearing that Sienze did not fully understand the need for authenticating photographs. There does not appear to be any bad faith on his part for not seeking to include Kay Sienze as a witness for this purpose before. Given this set of circumstances, permitting modification is warranted. See Fresno Rock Taco, LLC v. Nat'l Sur. Corp., 2013 U.S. Dist. LEXIS 101428, at *7 (E.D. Cal. July 18, 2013) (in a July 18, 2013 order concerning a July 31, 2013 trial, "As there remains time for Plaintiffs to review the documents that Ms. Richards will authenticate, Plaintiffs have adequate time to cure any prejudice that will arise from modifying the pretrial order to include Ms. Richards as a witness and include the public records from the City of Fresno as potential trial exhibits").

Second, Sienze seeks to allow Kay Sienze to provide "other testimony that may seem appropriate." Doc 75, 1:16-18. This request is broad and does not give Defendants any idea about what the nature of that testimony might be. There is no indication that Kay Sienze was a percipient witness to the events of May 26, 2016. Sienze has not demonstrated manifest injustice for this purpose.

**B. Mike Badella**

Sienze wishes to have Mike Badella "testify as to personal knowledge of plaintiff's character[. He has] been a friend of plaintiff for more than 59 years." Doc 75, 1:19-21. Defendants say that "Mike Badella does not appear to have been involved in the events of May 26, 2016 to any degree, and his name was never revealed in discovery or referenced in any court document." Doc. 84, 5:9-11. Under the federal rules of evidence that apply in this case, "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Mike Badella is not a witness to the incident in question. His testimony about Sienze's overall character would not be relevant in this trial.

**C. Medical Expert**

Sienze also seeks "Addition of expert testimony as it seems court has informed plaintiff this will or may be necessary as to plaintiff's medical records for damages." Doc. 75, 1:26-27. Defendants point out that Sienze "completely failed to identify any expert witness(es) to testify in these proceedings, let alone the proper and timely disclosures required under the Federal Rules of Civil Procedure." Doc. 84, 6:13-14. The scheduling order stated that "parties are directed to disclose all expert witnesses, in writing, on or before August 17, 2018 and to disclose all supplemental experts on or before September 17, 2018." Doc. 19, 3:5-6. The pretrial order noted that "No expert witnesses have been named in this case." Doc. 72, 19:6. It is simply too late to inquire about adding a medical expert.

## IV. Order

Sienze's motion for reconsideration is DENIED.

Sienze's request to modify the pretrial order to add witnesses and exhibits is GRANTED in part and DENIED in part.

///

IT IS SO ORDERED.

Dated: __March 18, 2019__

_____
SENIOR  DISTRICT  JUDGE