# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VICTOR M. SIENZE,** | **CASE NO. 1:17-CV-0736 AWI SAB** |
| **Plaintiff** | **ORDER RE: MOTIONS IN LIMINE** |
| v. | |
| **SHERIFF'S DEPUTY MATTHEW J. KUTZ and SHERIFF'S SERGEANT DANIEL N. KERBER,** | |
| **Defendants** | **(Docs. 76, 79, 82, 92, 93, and 94)** |

## I. Background

Plaintiff Victor Sienze lives in Madera, CA. On May 24, 2016, Sienze called for an ambulance to have his grandson, Victor Sienze III, transported to a hospital. Emergency Medical Technicians Anthony Prieto and Sabrina Munoz arrived. Having difficulty with the transport, the EMTs called the Madera County Sheriff's Office for assistance. Defendant Officer Matthew Kutz was among the several police officers to arrive at the scene. Sienze objected to the manner in which Officer Kutz was handling his Grandson and pushed Officer Kutz. The police officers tackled and handcuffed Sienze. Defendant Officer Dan Kerber arrived on the scene. Sienze was arrested for obstructing a police officer in the course of their duty. Sienze was uncooperative. The police officers physically subdued him, picked him up, and put him in the back of a patrol car. In the process, Officers Kutz and Kerber forced Sienze face first onto the ground and Officer Kutz struck Sienze's head with the car door.

Sienze filed suit against the Madera County Sheriff's Office, Officers Kutz, Kerber, Ian Roth, Jason Clark, and Michael Thomas for violating his civil rights under 42. U.S.C. § 1983.

Doc. 1. The operative complaint is the First Amended Complaint, which dropped the claims against the Madera County Sheriff's Office. Doc. 5. Sienze is pro se and in forma pauperis. In reviewing the First Amended Complaint, Magistrate Judge Stanley Boone recommended dismissing Officers Roth, Clark, and Thomas from the case as well as limiting claims against Officers Kutz and Kerber to excessive force. Doc. 6. The Findings and Recommendations were adopted in full. Doc. 7.

Defendants filed a motion for summary judgment. Doc. 27. The form of Sienze's opposition was not proper so he was was granted leave to make additional filings in opposition to the summary judgment motion. Doc. 44. Sienze complied with the request and also filed a motion for leave to file a Second Amended Complaint. Doc. 53. Defendants' summary judgment motion was granted in part and denied in part while Sienze's motion for leave to file a new complaint was denied. Doc. 66. This case is limited to claims against Officers Kerber and Kutz regarding claims of excessive force in tackling him on a patio and placing him in a patrol car. The pretrial conference was held on January 23, 2019.

Defendants have filed three motions in limine ("MIL"). Docs. 76, 79, and 82.

## II. Legal Standard

Motions in limine may be "made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984). Fed. Rule Evid. 403 states generally that, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n.4 (1984). The parties must abide by the court's rulings but may ask for reconsideration as trial progresses. "[A] ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court. The district court may change its ruling at trial because testimony

may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling." United States v. Bensimon, 172 F.3d 1121, 1127 (9th Cir. 1999), citing Luce v. United States, 469 U.S. 38, 41-42 (1984).

**III. Discussion**

**A. MIL 1**

Defendants seek to exclude "all evidence and argument relating to: (1) unqualified and ultimate issue opinions of Plaintiff; (2) ultimate issue opinions by lay witnesses; and (3) any testimony by Plaintiff or other lay witnesses as to medical injuries and related issues, medical records, and/or law enforcement procedures and techniques." Doc. 76, 1:9-12. Specifically, Defendants seek to exclude testimony by Sienze about (1) whether the use of force was excessive or unreasonable, (2) his medical injuries, and (3) whether police policy, procedures, or techniques. Sienze opposes this MIL. Docs. 86, 87, 88, and 89.

"An opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). "'Lay opinion testimony is not inadmissible solely because it addresses the ultimate issue in the case.' See 4-701 Weinstein's Federal Evidence § 701.05 (collecting cases); United States v. Crawford, 239 F.3d 1086, 1090 (9th Cir. 2001) ('A lay witness may testify as to an ultimate issue of fact, so long as the testimony is otherwise admissible.'). However, lay witnesses may not testify as to the applicable legal standards or tests. See Id." Idaho Golf Partners, Inc. v. Timberstone Mgmt., LLC, 2016 U.S. Dist. LEXIS 129197, at *14 (D. Idaho Sep. 21, 2016).

Regarding testimony about excessive or unreasonable force, courts tend to find this a close call and often reserve ruling until trial. See, e.g. Medvedeva v. City of Kirkland, 2015 U.S. Dist. LEXIS 180836, at *6 (W.D. Wash. Aug. 21, 2015). The Central District, in an excessive force case involving a shooting, described the balance that was sought:

> The testimony of lay witnesses is most helpful when describing the facts of the incident in question. Consequently, asking witnesses whether the decedent was acting aggressively, whether he had his hands raised in the air, or whether he was advancing toward or threatening the deputies or other people is perfectly appropriate. Testifying that a use of force was unreasonable or excessive, however, is testimony that may call for specialized knowledge lay witnesses do not have. Testimony as to whether a certain amount of force was 'necessary' or

> 'unnecessary' may not inherently be inappropriate, but comes dangerously close to parroting the applicable legal standard. It is difficult to discern, moreover, how such testimony would help the jury, as it will not aid jurors' understanding of the shooting incident to be told that an observer believed the officer's conduct was or was not 'necessary.'
>
> While the court declines categorically to exclude testimony at this time, it cautions plaintiffs' counsel to remember the primary reason the testimony of Morales and de la Torre is helpful to the jury, i.e., to establish the facts of the shooting incident itself. Testimony that hews closely to the facts, therefore, is likely to be admissible. The fact that lines are difficult to draw in this area supports the notion that the testimony of plaintiffs' witnesses should be limited as much as possible to their factual observations of the events in question. The court discourages questions that attempt to elicit testimony regarding the witnesses' opinions regarding Jiles' actions.

Sanchez v. Jiles, 2012 U.S. Dist. LEXIS 200372, at *48-51 (C.D. Cal. June 14, 2012). What is clear is that witnesses may not make an opinion as to whether or not a legal test (in this case whether the force used was excessive) is met. See Engman v. City of Ont., 2011 U.S. Dist. LEXIS 66128, at *7 (C.D. Cal. June 20, 2011) ("to the extent defendants' motion is aimed at preventing the parties from eliciting testimony regarding a legal conclusion on whether the officers had probable cause to arrest plaintiffs, the Court finds that such testimony is inadmissible"). In a prior order, Sienze was informed that the terms he used ("abuse," "assault," and "attack") did not fully explain what physical actions were taken. Sienze is advised to present his testimony in concrete physical terms and to follow these guidelines. This part of the MIL is reserved.

Regarding comment about medical injuries, general comment about a persons' own condition is permitted while a medical diagnosis is not. See Martin v. Arrow Elecs, 2006 U.S. Dist. LEXIS 98735, at *4-5 (C.D. Cal. May 22, 2006) ("Martin is competent to testify to his own medical condition and the sensations which he felt. This includes testimony as to sensations which caused him to believe he had or was having a heart attack. As a lay witness, he will not be allowed to express a medical diagnosis. Lay witnesses are entitled to testify as to what they observed in terms of Martin's physical condition. They will not be allowed to express a medical diagnosis"); Emery v. Harris, 2014 U.S. Dist. LEXIS 14322, at *18 (E.D. Cal. Feb. 5, 2014) ("Plaintiff does not oppose this motion to the extent that it prohibits him from opining beyond his perceptions as to what he felt and observed related to his injuries"). Sienze may also opine as to how he thinks his injuries were caused. See Mitchell v. Rosario, 2015 U.S. Dist. LEXIS 148381, at *6-7 (E.D. Cal.

Oct. 30, 2015) (Plaintiff's opinion of the cause of his own injuries is within the scope of his lay opinion. Plaintiff has direct perceptive knowledge of his pain and function both before and after the events at issue. Plaintiff may not testify as to a future prognosis, which would require expert medical opinion, but he may testify as to his direct perceptions of pain, function of his own body parts, his own mental perceptions, and his perceived causes of those ailments). This part of the MIL is reserved.

Regarding comment about police policy, procedures, or techniques, Sienze is not an expert on these topics. He is not permitted to testify as to what those standards are or whether they were violated. Even as a lay witness, he may not testify on those topics. See Head v. Glacier Nw., Inc., 413 F.3d 1053, 1062-63 (9th Cir. 2005) ("Assuming arguendo that the witness had personal knowledge about whether getting the loader stuck was likely to have resulted from equipment abuse, it is unclear how the witness's opinion about that would have been helpful to the jury in this case. The jury was fully capable of comparing the incident involving the loader with the standards in the equipment abuse policy and drawing its own conclusion"). This part of the MIL is granted.

**B. MIL 2**

Defendants seek to exclude "reference to any prior or subsequent incidents (before or after the subject incident of May 24, 2016), involving the Madera County Sheriff's Office or other law enforcement agency including, but not limited to, the following: (1) Allegations regarding Plaintiff's confinement at the County booking facility. (2) Allegations that Plaintiff witnessed the use of force on an unidentified in-custody male." Doc. 79, 2:6-10. Sienze opposes the MIL. Docs. 90, 91, and 92.

This case is limited to claims against Officers Kerber and Kutz regarding claims of excessive force in tackling him on a patio and placing him in a patrol car. What happened in the Madera County booking facility is not part of this case. There is no Monell claim against the Madera County Sheriff's Office. Sienze has not explained how any other incident is relevant to the claims in question. This MIL is granted.

**C. MIL 3**

Defendants seek to exclude "all evidence or arguments regarding the issues and claims summarily adjudicated in the Court's January 3, 2019 Order." Doc. 82, 2:6-7. In that earlier order, qualified immunity was granted to Officer Kutz for the initial tackling and handcuffing. Doc. 66. Sienze opposes the MIL. Docs. 93 and 94.

Defendants are correct that evidence concerning issues resolved at summary judgment is generally not relevant and should be excluded. See, e.g. Ingle v. Circuit City, 2006 WL 6086293, at *4 (S.D. Cal. Feb. 6, 2006) ("Defendant seeks to exclude all evidence regarding FNANB's alleged harassment of Plaintiff. The Court dismissed Plaintiff's claims regarding this harassment in its summary judgment order, and it in no way relates to Plaintiff's remaining claims as outlined above"); Mag Instrument, Inc. v. Dollar Tree Stores Inc., 2005 WL 5957825, at *2 (C.D. Cal. Apr. 14, 2005) (evidence that concerns an argument mooted by summary adjudication is excluded). However, the initial handcuffing matters as it is necessary to understand the course of events of May 26, 2016. Evidence of that initial tackling and handcuffing may be presented for the purpose of giving basic background to the events of the day and for the fact that Sienze communicated his prior existing injuries to Defendants. Sienze may not assert that the initial tackling and handcuffing constituted excessive force. This MIL is reserved.

### III. Order

Defendants' MILs are granted and denied as explained above.

IT IS SO ORDERED.

Dated:   March 25, 2019                    _____
                                            SENIOR DISTRICT JUDGE